Spring, S.
The instrument propounded was executed in April, 1877. It was drawn by a man familiar with the execution of wills, and he personally supervised its subscription and attestation.
The testator was competent to make a will and was under no restraint. The witnesses saw him sign the instrument; they knew its character. They were requested to sign it as witnesses, and did so, in the presence of testator and of each other. Thus far we have not passed beyond the verge of the undisputed testimony in the case.
The only controversy arises over the publication of the will by testator. Mr James, one of the witnesses, testifies, that from his recollection testator, or the draftsman, declared the instrument to be his last will and testament, while Mrs. James, the other subscribing witness, is of the impression, and that quite positively, that no such declaration was made. This conflict in the testimony compels us to consider the circumstances surrounding the ex ecution of the instrument to aid in ascertaining the probable truth of the matter, as the subscribing witnesses are the only persons living who were present at the signing of the paper propounded, and these all point to a compliance with the statute.
In the first place, the scrivener, though not an attorney, had quite frequently attended to the execution of wills prior to this time, and was familiar with the requirements of the statute pertaining to their execution.
2. The will was executed over nine years ago, and it is not strange that the witnesses in that time have forgotten *731 the particulars of an isolated transaction, the details of which they did not regard as of any special significance, and they did not therefore make any marked impressions upon their minds.
3. Mrs. James was anxious to return to her home, where she had visitors awaiting her, so that in this anxiety she might very naturally pay little attention to the details of the execution of the document she was called to sign.
4. These witnesses were informed before leaving home that the paper they were to witness was the will of Mr. Rounds, so that the reiteration of this fact, already known to them, when they were in the room with testator would make no particular impression upon them.
5. There is a complete attestation clause to the will filled out by the draftsman, showing that he then had in mind the requirements of the statute as to the execution of wills.
These circumstances, taken in connection with those shown by the uncontroverted evidence, lead me to the conclusion that the statutory requirements were fairly complied with.
When simmered down, the testimony of the witnesses is no more than a failure of recollection as to the publication of the will, and the authorities are uniform in holding that a will should not be rejected on that account, when there is a full attestation clause and the other circumstances are confirmatory of a valid execution. Brown v. Clark, 77 N. Y., 369; Orser v. Orser, 24 id., 51; Matter of Kellum, 52 id., 517; In re Pepoon, 91 id., 255.
The more recent cases, while adhering to the necessity of a substantial compliance with these provisions of the the statute governing the execution of wills, yet are more lax in their interpretation than the earlier decisions, providing the circumstances indicate that no fraud was practised upon the testator, that he was competent and free from restraint.
They do not uphold thwarting the wishes of testator merely because a subscribing witness fails to remember the details of the transaction making up the execution of the will, when the circumstances show a fair compliance with the requirements of the statute. In re Beckett, 8 N.Y. State Rep., 764; Dack v. Dack, 84 N. Y., 663. Cases cited above.
The will must be admitted to probate, and a decree will be entered accordingly.